IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
NO. 4:14-CV-118-BO

| | |
|---|---|
| WILLIAM JENKINS, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>CAROLYN COLVIN, )<br>Acting Commissioner of Social Security, )<br>)<br>Defendant. )<br>_____) | ORDER |

This matter comes before the Court on defendant's motion for remand to the Commissioner [D.E. 27]. Plaintiff has responded in opposition and the matter is ripe for ruling. For the reasons detailed below, defendant's motion is DENIED.

## BACKGROUND

In 2013, plaintiff appealed the Commissioner's denial of disability and insurance benefits under Titles II and XVI of the Social Security Act (SSA). Due to numerous errors committed by defendant, both parties consented to remand, and on September 24, 2013, this Court ordered remand of this case for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g). *See* 4:13-CV-27-BO, D.E. 27. After reviewing the case, the Appeals Council issued its own order to the new Administrative Law Judge (ALJ) regarding the errors that were made. Plaintiff now alleges that on remand, the new ALJ committed the same errors as were committed previously, "rendering the remand process fruitless," and has filed a new complaint in this Court. [D.E. 28 at 2.] The parties have not filed any motions for judgment on the pleadings, but defendant now moves for remand, again pursuant to sentence four of 42 U.S.C. § 405(g)

## ANALYSIS

The Court has the power "to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying or reversing the decision of the Commissioner, with or without remanding the case for a rehearing." § 405(g). Remand is appropriate "if the reviewing court has no way of evaluating the basis for the ALJ's decision," but "[t]here are, however, exceptions to that [rule]." *Radford v. Colvin*, 734 F.d3 288, 295 (4th Cir. 2013). Where the case was old, the record had no need to be reopened, and the case had already been on appeal once before, remand was deemed unnecessary. *Breeden v. Weinberger*, 493 F.2d 1002, 011–12 (4th Cir. 1974).

This case was remanded over a year ago pursuant to § 405(g). The Commissioner argues that remand is again appropriate under the same statute, as it wishes to conduct further fact-finding. [D.E. 27 at 2]. The record in this case has been closed for years, plaintiff's date last insured was December 31, 2009, and the case has already been remanded once at defendant's request. Pursuant to its discretion under § 405(g), the Court therefore finds that remand at this early stage is inappropriate, and accordingly, defendant's motion for remand is DENIED.

## CONCLUSION

For the foregoing reasons, defendant's motion is DENIED.

SO ORDERED, this __13__ day of November, 2014.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE